IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN WEIL, | : | |
| | : | Case No. 4:12-CV-00413 |
| Plaintiff, | : | |
| | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | |
| DR. DAVID I. WHITE, WALT | : | |
| EISENHAUER, ANNA MAE | : | |
| SMITH, JOHN LEFFERT, | : | |
| DR. MICHAEL GREENBERG, | : | |
| DR. DEBORAH ERICKSON, | : | |
| LANE BOWER, and | : | |
| DR. MARY ROSE-COLLEY, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
October 16, 2013

Before the Court is a Motion to Withdraw as Attorney by Joseph C. Korsak, Esq. ("Counsel"), counsel for Stephen Weil ("Client"), pursuant to Pennsylvania Rules of Professional Conduct 1.16(a)(3), 1.16(b)(4), and 1.16(b)(5), adopted by the Middle District of Pennsylvania under Local Rule 83.23.2. For the following reasons, the Motion to Withdraw as Attorney is granted.

**I.    BACKGROUND**

On September 15, 2013, Joseph C. Korsak, Esq., Counsel, filed a Motion to Withdraw as Attorney for Stephen Weil, Client, in the present litigation.  Mot.

1

Withdraw Att'y, Sept. 15, 2013, ECF No. 44 [hereinafter Mot. Withdraw]. The underlying dispute concerns alleged violations of 42 U.S.C. §§ 1983; 1985; 1986. See P.'s Am. Compl. ¶¶ 121–43, Mar. 21, 2012, ECF No. 2.

Regarding his Motion to Withdraw, Counsel contends that he has a fundamental disagreement with Client regarding the proper course of action in the case; that Client has been unresponsive to repeated attempts at communication; that both parties agree the withdrawal should take place; and, that Counsel's withdrawal would not unduly prejudice Client's case. See Mot. Withdraw, ¶¶ 2–8.

Client agrees with Counsel "that the time for separation ha[s] come." Resp. Mot. Withdraw Att'y ¶ 2 , Sept. 17, 2013, ECF No. 45 [hereinafter Resp. Mot. Withdraw]. Client contends, however, that he "*did not* immediately discharge Counsel" and that he communicated his desire for "an orderly transition to replacement counsel." Id. Client further alleges that Counsel has been paid in full to date for his services, which Counsel allegedly acknowledged in a September 13, 2013 e-mail. Id. ¶ 4.

The Court considers Counsel's motion under these circumstances.

## II. DISCUSSION

The Middle District of Pennsylvania adopted the Pennsylvania Rules of Professional Conduct, which are dispositive on the current Motion to Withdraw as

Attorney before the Court. See Local Rule 83.23.2; PA. RULES OF PROF'L CONDUCT R. 1.16. Specifically, Counsel relies on Rules 1.16(a)(3), 1.16(b)(4), and 1.16(b)(5). Mot. Withdraw, ¶¶ 2–3.

Rule 1.16(a) provides: "(a) [A] lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . (3) the lawyer is discharged." PA. RULES OF PROF'L CONDUCT R. 1.16(a)(3). In this matter, Counsel does not specifically state he has been discharged, but implies that fact because: "Counsel and [C]lient have not communicated with each other, on various occasions, for an extended period of time[;] Client has orally indicated that he intends to seek new counsel[; and], Client was provided with a consent to withdraw form but has yet to return same." Mot. Withdraw, ¶¶ 4, 6–7.

Client agrees with Counsel "that the time for separation had come." Resp. Mot. Withdraw, ¶ 2. Client, however, contends he did not discharge Counsel, but "communicated his desire to Counsel for an orderly transition to replacement counsel via a September 13, 2013 e-mail." Id. Therefore, because Counsel does not specifically contend he has been discharged and Client states that he was not, in fact discharged, Rule 1.16(a)(3) does not provide Counsel grounds for withdrawal.

Considering Counsel's other stated grounds for withdrawal, Rule 1.16(b)(4)

provides: "(b) [A] lawyer may withdraw from representing a client if . . . (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement . . . ." PA. RULES OF PROF'L CONDUCT R. 1.16(b)(4). Regarding this Rule, Counsel contends that he and Client have "fundamental disagreements over the propriety of filing certain motions which Counsel believes to be essential to the case." Mot. Withdraw, ¶ 5. The dispute concerns Counsel's desire to file a Motion for Summary Judgment, while Client "only wants to oppose any Motion for Summary Judgment, Defendants may file." Resp. Mot. Withdraw, ¶ 6.

In <u>Reigle v. Reish</u>, 1:CV-11-0052, 2013 WL 4502104 at *3–4 (M.D. Pa. Aug. 22, 2013) (Kane, C.J.), where defendant and defendant's counsel had a fundamental disagreement over the course of action to take in their case and both parties agreed that withdrawal was appropriate, Chief Judge Yvette Kane found that counsel's withdrawal under Rule 1.16(b)(4) was proper. Similarly, in the case at bar, Client and Counsel have a fundamental disagreement over the course of action to take in their case, and they both agree "that the time for separation ha[s] come." Resp. Mot. Withdraw, ¶ 2.

Counsel also cites Rule 1.16(b)(5) as a ground for withdrawal, which deems withdrawal appropriate when "the client fails substantially to fulfill an obligation

4

to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled." PA. RULES OF PROF'L CONDUCT R. 1.16(b)(5). In the instant matter, Counsel contends that he has not communicated with client for an extended period of time. Mot. Withdraw, ¶ 4. Client, however, alleges that he has "been in frequent contact via telephone and e-mail, both over the last few days and over the past several weeks." Resp. Mot. Withdraw, ¶ 5. What is clear is that the two parties communicated via e-mail regarding their mutual desire to part ways. See id. ¶¶ 2, 4, 5–8; Mot. Withdraw, ¶¶ 6–7

Even with established grounds for withdrawal, the Court retains discretion over the matter and "[a]ppearance of counsel shall not be withdrawn except by leave of court." L.R. 83.15. Counsel may also withdraw from representation if "other good cause for withdrawal exists." PA. RULES OF PROF'L CONDUCT R. 1.16(a)(7). In addition to the relevant Rules of Professional Conduct, when considering a motion to withdraw a court should weigh the following factors: "(1) the reasons the withdrawal is sought; (2) the prejudice withdrawal may cause litigants; (3) the harm withdrawal might cause the administration of justice; and (4) the degree to which withdrawal will delay resolution of the case." Greene v. Rubin, CIV. A. 95-2415, 1995 WL 723188, at *1 (E.D. Pa. Dec. 5, 1995).

In the present case, the weight of these factors and the cited Rules of Professional Conduct weigh in favor of Counsel's withdrawal. Regarding the first factor, both parties agree "that the time for separation ha[s] come." Resp. Mot. Withdraw, ¶ 2. Moreover, the two parties have a fundamental disagreement over the proper course of action to take in the case moving forward. See PA. RULES OF PROF'L CONDUCT R. 1.16(b)(4); Reigle v. Reish, 1:CV-11-0052, 2013 WL 4502104, at *3–4 (M.D. Pa. Aug. 22, 2013); Mot. Withdraw, ¶ 5; Resp. Mot. Withdraw, ¶ 6.

Second, Counsel's withdrawal should not prejudice Client, because, as of September 17, 2013, "Client [had] already been in contact with replacement counsel and [should have known] in a few days whether or not they are ready to make an appearance in the above-captioned action." Resp. Mot. Withdraw, ¶ 14. Further, the next case deadline is November 18, 2013, when dispositive motions and supporting briefs are due, such as the Defendants' anticipated motion for summary judgment. Order Granting Mot. Extend Time File Summ. J. Mots. 1, Sept. 20, 2013, ECF No. 47.

Client's fundamental disagreement with Counsel centers on Client's desire that Counsel *not* file a motion for summary judgment. Mot. Withdraw, ¶ 5; Resp. Mot. Withdraw, ¶ 6. A subsequent filing by Client in this case would be in

response to Defendants' motion due in more than one month.  Consequently, withdrawal at this time, with replacement counsel pending, should not prejudice Client in this litigation.

The fact that Client does not want to file a motion for summary judgment also indicates that withdrawal should not cause harm to the administration of justice or "delay resolution of the case."  <u>Greene</u>, CIV. A. 95-2415, 1995 WL 723188, at *1.  In his own words, "Client may be able to have replacement counsel step in fairly quickly without much of a delay."  Resp. Mot. Withdraw, ¶ 14.  Given that Client seeks only to oppose the Defendants next anticipated motion rather than prepare one of his own, there should be time enough for substitution of counsel.

### III.  CONCLUSION

For the foregoing reasons, Counsel's Motion to Withdraw as Attorney (ECF No. 44) is GRANTED.

An appropriate Order follows.

BY THE COURT:

<u>s/Matthew W. Brann</u>
Matthew W. Brann
United States District Judge